KATHERINE DIONISIO v. SALVATORE TIGANELLI

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 14938
AT WATERBURY

Memorandum filed August 2, 1946.

*Michael Blansfield,* of Waterbury, for the Plaintiff.

*Edward Mascolo,* of Waterbury, for the Defendant.

ALCORN, J.   The complaint as amended alleges a promise to marry on or about April 1, 1942, as a result of which the defendant seduced the plaintiff in July, 1942, and thereafter broke his promise to marry although the plaintiff has always been ready and willing to marry.

Coupled with the action for damages for breach of promise, although not stated as a separate count, is a claim for a declaratory judgment that a transfer of real estate allegedly made by the defendant to his mother was for the purpose of defrauding the plaintiff.

The defendant denied the allegations of the amended complaint and pleaded as a special defense in substance that the plaintiff broke the engagement, destroyed all affection on defendant's part by having him arrested for seduction, and that defendant feared to marry the plaintiff because of threats on his life by plaintiff's father and brother. The special defenses are denied.

The evidence presented on these issues establishes that the plaintiff was born in 1922 and moved with her family to Waterbury in 1940. She met the defendant in August, 1941, became engaged to him in November, 1941, and in December, 1941, the engagement was broken by the plaintiff.

In April, 1942, the parties came together again and exchanged promises to marry after Labor Day in 1942. At this time both were minors but the defendant came of age on July 7, 1942. Beginning in July, 1942, and continuing about twice a month through the summer, the plaintiff allowed the defendant to have intercourse with her on the strength of his promise to marry her. In October, 1942, the plaintiff discovered herself to be pregnant. She talked to the defendant and he then reaffirmed his promise to marry her and in November, 1942, took her to his home where she lived for three weeks. In December, 1942, the defendant ordered her out and she left. While living with the defendant, the plaintiff wore a wedding band given her by the defendant and was represented by him to friends and acquaintances as his wife.

On July 11, 1943, the plaintiff was delivered of a child and the defendant paid one-half of the bills of the doctor and hospital in connection with plaintiff's confinement and has since paid $5 per week for the child's support.

The defendant has married another person and the plaintiff since her experience has been greatly distraught, nervous, and ashamed to appear in public.

There is no evidence which satisfies the court that the defendant made a transfer of real estate in fraud of the plaintiff.

With respect to the claim for damages for breach of the marriage contract, it is the general rule that a promise of marriage by an infant is not binding unless executed or unless ratified after majority. 2 Schouler, Marriage, Divorce, Separation & Domestic Relations (6th Ed.) p. 1519. Consequently,

the defendant's promise made in April, 1942, taken alone would not sustain an action. However, his promise and his actions subsequent to attaining his majority amount to a ratification so that the plaintiff is entitled to recover.

The damages to be awarded are based on no definite or precise rule. *Clark* v. *Pendleton,* 20 Conn. 495, 509; *Hattin* v. *Chapman,* 46 Conn. 607, 608. The plaintiff is entitled to recover the damage naturally arising from the breach of promise of marriage including compensation for the mental anguish experienced in consequence of the breach and for the damage done her prospects in life naturally resulting from the same cause, aggravated by seduction and childbirth.

Judgment may enter for the plaintiff to recover of the defendant $7000.